[Cite as *State v. Tisdale*, 2026-Ohio-3124.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ELVIN R. TISDALE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 CO 0024

---

Motion to Certify a Conflict

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Motion Denied.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecuting Attorney, *Atty. Steven V. Yacovone,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Martin S. Hume*, Martin S. Hume Co., L.P.A., for Defendant-Appellant.

Dated: August 13, 2026

**PER CURIAM.**

{¶1}    Defendant-Appellant Elvin R. Tisdale filed a timely motion to certify a conflict to the Ohio Supreme Court.  After a jury trial, we affirmed his conviction, finding a municipal court warrant for cell phone records at a compliance office beyond the territorial jurisdiction of the municipal court was a non-fundamental constitutional violation, the good faith exception applied, and any error in failing to suppress would have been harmless. *State v. Tisdale*, 2026-Ohio-2567, ¶ 32-73 (7th Dist.).  Appellant asks for certification of a conflict between his case and the Second District's opinions in *State v. Worthan*, 2024-Ohio-21 (2d Dist.) (upholding suppression where the state's appeal only argued no violation of Crim.R. 41) and *State v. Jacob*, 2009-Ohio-7048 (2d Dist.) (reversing denial of suppression but with one judge concurring in judgment only and one judge concurring with an opinion *only* finding suppression warranted for lack of probable cause plus lack of good faith, not for the territorial jurisdiction argument).

{¶2}    "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."  Ohio Const., art. IV, §  3(B)(4).  In addition to citing another district's judgment alleged to be in conflict with our judgment, a motion to certify a conflict filed under this constitutional provision "shall specify the issue proposed for certification . . ."  App.R. 25(A).

{¶3}    Appellant's motion reviews the holdings of the two Second District cases and our holding in his case.  In doing so, although the motion does not formulate a proposed question for the Supreme Court to answer, it does "specify the rule of law upon which the alleged conflict exists."  *See Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 599 (1993).  Appellant's motion sets forth the following as the rule of law from this district: "issuance of a warrant by a municipal court judge exceeding the geographic jurisdiction of the court was not a fundamental constitutional violation and that the good faith exception applies."  Mot. at 5, citing *Tisdale* at ¶ 19.  And, he states the Second District held the opposite in *Worthan* and *Jacob*.

{¶4}    The Second District's *Worthan* case involved electronic cell phone records like Appellant's case, but the *Jacob* case involved a search of physical property in another

state. The *Worthan* court reviewed its *Jacob* case for the proposition that a search warrant issued outside of the court's jurisdiction by a judge "a fundamental violation of Fourth Amendment principles." *Worthan*, 2024-Ohio-21, at ¶ 24 (2d Dist.), quoting *Jacob*, 2009-Ohio-7048, at ¶ 25 (2d Dist.). The court also pointed out its *Jacob* decision held this fundamental constitutional violation could not be cured by reliance on the good-faith exception to the exclusionary rule. *Id*.

{¶5} We rejected these holdings in Appellant's appeal. In doing so, we pointed out the *Worthan* case specifically observed that the state did not argue the violation was non-fundamental or that the good faith exception applied but only argued there was no violation at all, whereas here, the state argued the violation was non-fundamental and the good faith exception applied. *Tisdale*, 2026-Ohio-2567, at ¶ 50-51 (7th Dist.). It is true the Second District's *Worthan* case reviewed the holdings in its *Jacob* case and said the search of a physical location in *Jacob* was indistinguishable from a cell phone records case. *Worthan* at ¶ 24-26. Still, *Jacob*'s underlying factual scenario is distinct from electronic cell phone records for purposes of a conflict with our case. Moreover, *Jacob* did not contain a majority holding for anything but the judgment. Meanwhile, *Worthan* addressed one specific issue but not the issues dispositive to our case and seemed to rely on specific facts regarding the detective's testimony that varied from our case.

{¶6} For instance, the detective in *Worthan* believed the records were stored at a location where he sent the warrant, a fact that did not exist here. *See id.* at ¶ 8, 22, 28-29, 31. The detective in Appellant's case explained the cell phone company had a local branch within the territorial jurisdiction of the court where the murder took place and where customers could obtain a printout of their records but the cell phone company only responded to legal demands at a nationwide compliance office, pointing out he did not send the warrant there under a belief it was a physical storage site. Where a cited case from another district makes certain factual findings that were not found in the case sought to be certified, the cases are distinguishable. *See, e.g., Hickman v. Consolidation Coal Co.*, 2019-Ohio-4077, ¶ 29 (7th Dist.) (denying certification on such basis).

{¶7} Most notably, as recited above, *Worthan* relied on distinguishable arguments (or the waiver of arguments) by the prosecutor, who failed to argue the violation was non-fundamental and failed to argue the good faith exception applied.

*Worthan* at ¶ 25. The court recited the absence of these specific arguments and opined the issue before it was only whether there was any violation of Civ.R. 41. *Id*. The distinct procedural fact that the state failed to preserve or make arguments in *Worthan* as opposed to full preservation of arguments here is hard to ignore. Our decision specifically decided the issues in Appellant's case, as expressed in the following holding:

> assuming and to the extent the municipal court exceeded [its] geographic limits by issuing a search warrant to a company with an out-of-state office for responding to legal documents, this was not a fundamental violation of Civ.R. 41 of constitutional magnitude under the Fourth Amendment but is a non-fundamental violation. *See Wilmoth*, 22 Ohio St.3d at 263-264. The good faith exception to the exclusionary rule applies to a warrant issued by a neutral and detached magistrate upon probable cause in an affidavit where an issuing judge has authority to issue search warrants but allegedly exceeded the judge's territorial jurisdiction in issuing a warrant for records electronically stored by a cell phone service provider (with an office in the court's jurisdiction that does not respond to legal requests).

*Tisdale*, 2026-Ohio-2567, at ¶ 63 (7th Dist.).

{¶8} Of course, we believe it would be beneficial for the Ohio Supreme Court to address the question of whether a municipal court's search warrant for electronic cell phone records addressed to an out-of-state compliance office of a cell phone company with a branch in the same territorial jurisdiction constituted a fundamental violation of the Fourth Amendment that cannot be cured by the good faith exception to the exclusionary rule.

{¶9} However, we cannot certify a conflict here. The conflicting cases must have ruled on the same question based on a rule of law. *Whitelock*, 66 Ohio St.3d at 599 (and not based on facts). The Supreme Court has pleaded with the appellate courts "to certify to us for final determination only those cases where there is a true and actual conflict on a rule of law." *Id*. (dismissing an appeal after a conflict was certified). Moreover, the issue proposed for certification must be dispositive of the case. *State v. Agee*, 2017-Ohio-7750, ¶ 4 (7th Dist.), citing *State ex rel. Davet v. Sutula*, 2012-Ohio-759, ¶ 2.

**{¶10}** On the latter point, there is a separate consideration unaddressed by the motion. That is, after both rejecting and distinguishing the Second District's position in *Worthan* (while adopting the position applied by various other courts) and after pronouncing suppression was not required, our decision addressed an alternative argument. *Tisdale* at ¶ 50-68. Upon overruling the assignment of error on the propriety of the suppression decision, we addressed the state's alternative harmless error argument. Such doctrine was not at issue in the cited Second District decisions because *Jacob* was an appeal after a no contest plea and *Worthan* was a state's interlocutory appeal from a suppression decision, not appeals after trial.

**{¶11}** As previously stated, the issue proposed for certification must be dispositive. *Agee*, 2017-Ohio-7750, at ¶ 4 (7th Dist.), citing *State ex rel. Davet*, 2012-Ohio-759, at ¶ 2. An alternative holding would not be dispositive. A decision rests on alternative grounds (rather than one ground with surrounding dicta) if either basis for the decision "would by itself have sufficed to resolve the case." *N.A.T. Trans., Inc. v. McClain*, 2021-Ohio-1374, ¶ 20, fn. 1. "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum." *Id.*, quoting *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) (where a court of appeals concluded a precedential decision was only based on a res judicata holding and the other cited statement (interpreting the policy) was mere dicta, the United States Supreme Court ruled both were non-dicta alternative holdings).

**{¶12}** We analyzed the state's alternative argument and concluded that "even if" the cell location data was subject to suppression for a reason cited by Appellant, the presentation of the data to the jury "would have been harmless." *Tisdale* at ¶ 65, 68. Although we used "would have been" language, this was because we were reinforcing our refusal to state there was a suppression error and making our conclusion under an "even assuming" scenario.

**{¶13}** At the end of this section, we then recapped our initial holding by observing, "In any event, there is no need to reach harmless error if there was no suppression error, and as addressed above, suppression was not required." On the one hand, a movant could argue the "no need to reach" phrase meant the harmless error conclusion was more

akin to dicta than an alternative holding (for purposes of a future dispositive conflict analysis). However, Appellant's motion does not do so.

{¶14} On the other hand, we said any error in failing to suppress would have been harmless after setting forth the law and reviewing the overwhelming other evidence, incorporating our Statement of the Case, and explaining the reasons only some phone data was relevant to the review. *Id*. at ¶ 34-37, 65-68 (observing only location data was at issue because the other data either did not require a warrant or was obtained from Appellant's other phone under a warrant not issued by a municipal court judge); *see also id*. at fn. 1, 4. Stated differently, if the Supreme Court were to reverse our decision upholding the failure to suppress, then there would be no remand for a harmless error analysis, as we already performed it and concluded any such error would have been harmless if it occurred. *See Pincelli v. Ohio Bridge Corp.*, 5 Ohio St.2d 41, 44 (1966) ("There is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where, as here, the point upon which conflict exists had no arguable effect upon the judgment of the certifying court."). Thus, although the motion does not present arguments on the topic, we conclude our mere observation that a court need not reach harmlessness if there was no error would not eliminate a prior complete analysis.

{¶15} Regardless, as discussed above, *Jacob* is not in conflict with *Tisdale* because it had no majority holding and did not involve cell phone data, and *Worthan* is not in conflict as it was based on distinct suppression testimony and a distinct legal issue with no arguments by the state on topics that were raised and relied upon in our *Tisdale* case. Accordingly, the motion to certify a conflict is denied.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE  MARK A. HANNI**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.


<u>Case No. 25 CO 0024</u>

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.